IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN JACOB WOLL,                          Case No. 3:13-cv-01877-MA

                Plaintiff,              OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

              Defendant.

SARA L. GABIN
14523 Westlake Drive
Lake Oswego, OR 97035-8651

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
RONALD K. SILVER
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

NANCY A. MISHALANIE
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Ryan Jacob Woll seeks judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C §§ 401-403, and application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I reverse and remand for an immediate calculation and payment of benefits.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on March 8, 2010, alleging disability beginning April 14, 2008, due to an organic mental disorder, characterized by Borderline Intellectual Functioning and a learning disability, and Charcot-Marie-Tooth syndrome (CMT)(a foot disorder). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). The ALJ held a hearing on July 24, 2012, at which plaintiff appeared with his attorney and testified. A vocational expert, Gary R. Jesky, also appeared at the July 24, 2012 hearing and testified. On September 20, 2012, the ALJ issued an unfavorable decision. The Appeals Council denied plaintiff's request for

review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Born in 1980, plaintiff was 27 years old on the date of his alleged onset of disability. Plaintiff completed school through grade twelve, but received a limited diploma. Plaintiff has past relevant work as a courtesy clerk in a grocery store.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520; 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *See Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through September 30, 2012. A claimant seeking DIB benefits under Title II must establish disability on or prior to the last date insured. 42 U.S.C. § 416(I)(3); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since his alleged onset of disability.

At step two, the ALJ found that plaintiff's borderline intellectual functioning/learning disorder and adjustment disorder with mixed anxiety and mood are severe impairments; and his CMT syndrome non-severe. At step three, the ALJ found that plaintiff's impairments, or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform medium work, except for the limitation to only simple, routine work.

At step four, the ALJ found plaintiff is able to perform his past relevant work as a courtesy clerk. Alternatively, the ALJ also concluded that considering plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that plaintiff can perform, such as assembly work and janitorial work. Accordingly, the ALJ concluded that plaintiff has not been under a disability under the Social Security Act from April 14, 2008 through the date of the decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than

a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## ISSUES ON REVIEW

Plaintiff argues that several errors were committed: (1) the ALJ improperly evaluated his credibility; (2) the ALJ improperly evaluated the medical evidence concerning his mental limitations; (3) the ALJ failed to call a medical advisor to assist in determining whether he meets or equals Listings 12.02 or 12.05; (4) the ALJ improperly found his CMT non-severe at step two; and (5) the Appeals Council erroneously determined the new evidence submitted concerned a "later time" and failed to include it in the official administrative record. The Commissioner concedes that the ALJ erred at steps two and three by failing to call an expert to

assist in determining the severity and extent of plaintiff's mental impairments, but contends that further administrative proceedings are necessary to resolve whether plaintiff is in fact disabled. The Commissioner also argues that on remand, plaintiff should re-submit the new evidence for the ALJ to determine in the first instance whether the new evidence presented to the Appeals Council relates to his period of disability. Because the Commissioner concedes error, I address only those issues necessary to resolve whether to remand for an immediate calculation of benefits or for further administrative proceedings.

## DISCUSSION

### I. Remand Standards

After determining that the ALJ erred, this court applies a three part test to determine whether the case should be remanded for further proceedings, or to calculate and award benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when these three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.   Where, after evaluating the record as a whole, there are serious doubts that the claimant is, in fact, disabled, the court may exercise its discretion and remand the case for further administrative proceedings.   *Id.* at 1021; *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

## II.   ALJ Erred in Evaluating the Opinion of Dr. Griffith

Plaintiff contends that the ALJ erred in evaluating the opinion of examining psychologist Spencer L. Griffith, Psy.D.   On February 18, 2011, Dr. Griffith conducted neuropsychological testing and a learning disorder evaluation of plaintiff, and generated an Evaluation Report summarizing his objective findings and his opinion.   Tr. 307-21.   In his narrative report, Dr. Griffith diagnosed Borderline Intellectual Functioning, as testing he conducted revealed an intellectual deficit and an adjustment disorder with mixed anxiety and mood, and he assigned a GAF of 55.

Dr. Griffith completed a check-the-box Mental Residual Functional Capacity Report (MRFC) on February 24, 2011, rating plaintiff's mental limitations in the areas of understanding and memory, sustained concentration and persistence, social interaction, and adaption. Tr. 322-33. Specifically, Dr. Griffith indicated that plaintiff was markedly limited in two areas – his ability to understand and remember detailed instructions, and to carry out detailed instructions. Tr. 322, 323. Dr. Griffith also rated plaintiff's abilities as moderately limited in 10 areas: to

remember locations and work-like procedures; to carry out very short and simple instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to sustain an ordinary routine without special supervision; to work in coordination with or proximity of coworkers without being distracted by them; to make simple work related decisions; to complete a normal workday without interruptions from an unreasonable number and length of rest periods; to respond appropriately to changes in the work setting; and to set realistic goals. *Id.*

Additionally, Dr. Griffith completed a Rating of Impairment Severity Report in which he checked boxes indicating that plaintiff suffered no restrictions in his activities of daily living or social functioning, had moderate limitations with concentration, persistence, and pace, and suffered no episodes of decompensation. Tr. 324-25.

In the decision, the ALJ gave "great weight" to Dr. Griffith's narrative report, but gave "little weight" to Dr. Griffith's check-the-box MRFC opinion. Tr. 25, 28.  According to plaintiff, because the ALJ did not provide specific and legitimate reasons for discounting Dr. Griffith's MRFC, that opinion should be credited as true.  Plaintiff contends that if Dr. Griffith's MRFC opinion is properly credited, there is sufficient vocational evidence in the

record to determine that plaintiff is not competitively employable, and thus the proper remedy is to remand for an award of benefits.

The Commissioner responds that further proceedings are necessary because the record does not require a finding of disability. According to the Commissioner, no evidence should be credited as true in order to permit the ALJ to review plaintiff's new evidence that he submitted to the Appeals Council and to call a medical expert. I disagree.

As noted, the ALJ gave great weight to the narrative portion of Dr. Griffith's opinion, his the diagnosis of Borderline Intellectual Functioning, and the GAF score, finding Dr. Griffith's cognitive testing results consistent with the evaluations of Drs. Friedman, Brischetto and Sacks.[1]  Tr. 25.  However, the ALJ gave

---

[1]Dr. Friedman noted that plaintiff has a well-documented developmental delay and that plaintiff has distinct difficulties with visual perceptual ability, perceptual motor function, and speed of information processing. Dr. Friedman opined that plaintiff's short term memory was weaker than expected, and that his greatest weakness is his psychomotor speed and information processing.  Tr. 211.

Dr. Brischetto conducted an intellectual assessment on July 9, 2008, and opined that plaintiff's IQ scores were in the extremely low to borderline range with a full scale IQ of 72. Tr. 218.  Dr. Brischetto's examination echoed the results of Dr. Friedman's, noting that plaintiff's weakest area is processing speed. Tr. 219.

Dr. Sacks conducted an intellectual assessment on August 25, 2010, and assessed plaintiff with a full scale IQ of 69.  Tr. 272.  Dr. Sacks opined that plaintiff has better verbal ability than visual/perceptual ability.  Dr. Sacks noted that plaintiff performs well above the mentally retarded range, but struggles with tasks that involve processing speed.  Tr. 273.

9 - OPINION AND ORDER

little weight to Dr. Griffith's MRFC for several reasons:  (1) Dr. Griffith saw plaintiff only one time; (2) Dr. Griffith did not review the psychological evaluations of Drs. Friedman, Brischetto, and Sacks, or the physical evaluations of Drs. Landfield and Beitinjaneh; and (3) the numerous moderate limitations in Dr. Griffith's MRFC are inconsistent with his own opinion that plaintiff is capable of performing simple, routine tasks.   The ALJ's reasoning for discounting Dr. Griffith's MRFC is inadequate for several reasons.   *See, e.g., Garrison*, 759 F.3d at 1012 (discussing standards for evaluating medical opinions).

While the length of a treatment relationship can provide a basis for discounting a physician's opinion, the ALJ's first reason is without support in the record before me.   *Id.* at 1012 n.11 (discussing 20 C.F.R. § 404.1527(c)(2) indicating that length of treatment relationship is a proper consideration).   To be sure, as the ALJ found, Dr. Griffith's opinion is wholly consistent with the intellectual capacity testing performed by all other evaluators – Drs. Friedman, Brischetto and Sacks – all of which examined plaintiff just one time.  Tr. 25.  Yet, the ALJ discounted only Dr. Griffith's MRFC on this basis.  I conclude that the ALJ's reason is neither specific nor legitimate.

The ALJ's second justification similarly fails.   The ALJ discounted Dr. Griffith's MRFC because Dr. Griffith did not review the records of Drs. Friedman, Brischetto and Sacks.   An ALJ may

10 - OPINION AND ORDER

legitimately discount an opinion that is brief, conclusory or is based on inadequate clinical findings. *Bayliss*, 427 F.3d at 1216. In this case, however, Dr. Griffith conducted his own extensive battery of objective intellectual and memory tests, and reached conclusions consistent with those of Drs. Friedman, Brischetto and Sacks, as the ALJ acknowledged. Tr. 25, 28. Contrary to the ALJ's conclusion, Dr. Griffith's independent testing reaching consistent results seemingly bolsters its reliability. Because Dr. Griffith's opinion is based upon his own objective clinical findings that are consistent with overall medical record, I conclude the ALJ erred in discounting Dr. Griffith's MRFC because he failed to review other record evidence. Accordingly, the ALJ's rationale is not supported by substantial evidence in the record as a whole.

Lastly, the ALJ discounted Dr. Griffith's MRFC because it was inconsistent with Dr. Griffith's overall opinion. In the decision, the ALJ reasoned that Dr. Griffith's marked limitations pertain only to plaintiff's ability to deal with detailed information, and that these limitations were accounted for in the RFC limiting plaintiff to simple, routine tasks. The ALJ also found Dr. Griffith's multiple moderate limitations inconsistent with his opinion that plaintiff suffered no limitations with activities of daily living or social functioning, and plaintiff's overall ability to perform simple, routine tasks. Again, the ALJ's rationale falls short.

11 - OPINION AND ORDER

Notably, Dr. Griffith is the only examining physician to have completed an MRFC[2] which rates a claimant's functioning "based on the basic mental skills necessary to engage in competitive employment." Tr. 322. Contrary to the ALJ's finding, Dr. Griffith did not opine that plaintiff is capable of performing simple, routine tasks. Also contrary to the ALJ's findings, Dr. Griffith's multiple moderate MRFC limitations in areas of understanding and memory, sustained concentration and persistence, and adaption are consistent with Dr. Griffith's overall opinion. To be sure, in the MRFC, Dr. Griffith indicated that plaintiff was "not significantly limited" in the area of social interaction, which is consistent with Dr. Griffith's Rating of Impairment Severity in which he opined that plaintiff has no limitations in social functioning and

---

[2]Careful review of the record shows an MRFC completed by agency reviewing physician Joshua J. Boyd, Psy.D, on September 15, 2010.  In that MRFC, Dr. Boyd opined that plaintiff had three marked limitations: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; and the ability to respond appropriately to changes in the workplace.  Tr. 58-60.  Dr. Boyd also opined that plaintiff had four moderate limitations:  the ability to maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;  and to set realistic goals or make plans independently of others.  Dr. Boyd's opinion was affirmed on reconsideration by Megan D. Nicoloff, Psy.D.  Although Dr. Boyd opined that plaintiff did not require special supervision, he concluded that plaintiff was limited to work that did not involve a high level of productivity, and was limited to simple 1-2 step tasks, with the possibility of repeated verbal explanations.  Tr. 58-60.  The ALJ did not discuss Dr. Boyd's opinion in the decision.

activities of daily living. Tr. 324. Moreover, Dr. Griffith's MRFC opinion is consistent with his credited narrative report in which he indicated that plaintiff's strengths are vocabulary and verbal expression, but that plaintiff's working memory and processing speed are weaknesses for "being able to use attention, concentration and mental focus appropriately and to process information in real time." Tr. 319. Therefore, the ALJ's finding that Dr. Griffith's MRFC opinion is inconsistent with Dr. Griffith's narrative report and overall opinion is not supported by substantial evidence.

In summary, I conclude that the ALJ has erred by failing to articulate specific and legitimate reasons, backed by substantial evidence, for discounting only the MRFC opinion of Dr. Griffith. Contrary to the ALJ's finding, I conclude Dr. Griffith's MRFC opinion is consistent with his narrative report and consistent with the overall medical evidence. Accordingly, the ALJ has erred.

## III. Dr. Griffith's Opinion is Credited as True

Plaintiff satisfies all three parts of the credit as true rule. First, as detailed at length, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Griffith's MRFC opinion.[3]

---

[3]Although not necessary for resolution of the issues before me, I note that after careful consideration, I conclude that the ALJ failed to provide clear and convincing reasons for discounting plaintiff's credibility.

Second, as plaintiff correctly argues, there is sufficient vocational evidence in the record to establish that plaintiff is incapable of performing competitive employment and further administrative proceedings would serve no useful purpose. To be sure, at the hearing, plaintiff's attorney asked VE Gary Jesky to review the MRFC completed by Dr. Griffith, and to determine whether an individual with those limitations could perform light, simple, repetitive work. Tr. 424-25. The VE responded that several of the moderate limitations pertaining to understanding and memory and sustained concentration and persistence are related "to performing simple, routine work and with that number of limitations, at a moderate level, based on my experience, that person would likely have problems sustaining competitive employment." Tr. 425. Thus, the record is fully developed and further administrative proceedings are unnecessary.

Third, if Dr. Griffith's opinion is credited as true, it is clear from the record that the ALJ would be required to find plaintiff disabled on remand. The clear testimony from VE Jesky establishes that plaintiff would be unable to sustain competitive employment. Accordingly, plaintiff satisfies the requirements of the credit-as-true standard.

Furthermore, having carefully reviewed the record in its entirety, I have no serious doubts that plaintiff is, in fact, disabled. *Garrison*, 759 F.3d at 1021. In evaluating plaintiff's

14 - OPINION AND ORDER

case, the ALJ appeared to isolate just a few pieces of evidence to make the nondisability determination. The ALJ made numerous errors, many of which the Commissioner conceded. I decline to exercise my discretion to remand the case for further administrative proceedings. *Connett*, 340 F.3d at 876. Thus, the appropriate remedy is to remand for a calculation and an immediate award of benefits.

Finally, because I have concluded that a remand for an award of benefits is proper without consideration of the new evidence and information plaintiff submitted to the Appeals Council, I decline to address whether that evidence should have been included in the official administrative record because it relates to his period of disability.

**CONCLUSION**

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this _____ day of MARCH, 2015.

Malcolm F. Marsh
United States District Judge