IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN JACOB WOLL,

    Plaintiff,

 v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:13-cv-01877-MA

ORDER FOR EAJA FEES

MARSH, Judge

 Plaintiff seeks an award of attorney fees in the amount of $7,547.66 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The Commissioner objects to plaintiff's attorney fee application, arguing that the amount of fees is unreasonable. For the reasons that follow, plaintiff's Application for Fees pursuant to EAJA (#29) is granted in part and denied in part.

## DISCUSSION

### I. Substantial Justification

 Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special

1 - ORDER FOR EAJA FEES

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)(internal quotation omitted). The government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990). A position is substantially justified if it has a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565; *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010).

The Commissioner concedes that the errors committed by the ALJ below rendered the government's position not substantially justified. Indeed, the Commissioner acknowledged that the ALJ erred and moved to remand the case, and the sole issue in petitioner's action was whether to remand for immediate benefits, or for further proceedings. Therefore, plaintiff is entitled to attorney fees under the EAJA.

## II. Reasonableness of Requested Fees

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a

2 - ORDER FOR EAJA FEES

reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Costa v. Commissioner Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433-34.

Generally, the court will defer to the "winning lawyer's professional judgment as to how much time" was necessary to litigate the case. *Moreno*, 534 F.3d at 1112. With respect to EAJA attorney's fees in social security cases, "twenty to forty hours is the range most often requested and granted." *Costa*, 690 F.3d at 1136.

Plaintiff requests $7,547.66 in attorneys fees to compensate for 39.8 hours expended by plaintiff's counsel in 2013 and 2014. The Commissioner contends that plaintiff's 39.8 hours is an unreasonable amount of time, given that plaintiff was represented by the same attorney at the administrative level and was therefore already familiar with the issues, the record was relatively small, and the issues presented were routine. The Commissioner does not contest the hourly rate.

I note that the 39.8 hours requested falls within the range that has been recognized as reasonable for a social security case

3 - ORDER FOR EAJA FEES

of average complexity. This case was certainly of average complexity. In this case, plaintiff's opening brief was 35 pages long, and raised five issues requiring analysis of the evidence and applicable law related to the ALJ's evaluation of the evidence. Plaintiff's briefing prompted a motion for remand by the Commissioner, although the Commissioner sought to remand further proceedings. After review of the Commissioner's 15-page brief and motion, the plaintiff filed a six-page reply. I find that the 39.8 hours expended by counsel was a reasonable amount of time given the issues, record, and arguments presented to reach a favorable resolution for plaintiff.

However, as the Commissioner correctly contends, some reductions are necessary for hours spent on clerical tasks, which are not compensable attorney time under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)(noting that purely clerical tasks are not compensable as attorney time); *Horton v. Commissioner Soc. Sec. Admin.*, Case No. 1:12-cv-00612-MA, 2013 WL 3146827, *2-3 (D. Or. June 18, 2013)(reducing EAJA award for clerical tasks, such as effecting service, and filing IFP paperwork).

Thus, I strike the following billing entries from the attorney's fees award:

| Date | Services | Time |
|---|---|---|
| 12/23/2013 | Drafting service letters | .7 |
| 1/7/2014 | Return of Service | .5 |

4 - ORDER FOR EAJA FEES

I also reduce by one-half the following billing entries because they represent a mixture of compensable and non-compensable services:

| Date | Services | Time |
|------|----------|------|
| 10/9/2013 | Conference with client and assistance completing Affidavit to Proceed In Forma Pauperis | 1.0 |
| 10/21/2013 | Drafting and filing complaint | 1.0 |

These modest reductions result in 1.7 fewer hours billed in 2013, for a total of 1.0 hour (2.7 - 1.7 = 1.0) in 2013, and .5 fewer hours billed in 2014, for a total of 36.6 hours (37.1 - .5 = 36.6) in 2014.

Finally, I deny the Commissioner's request to further reduce plaintiff's requested attorneys fees on the basis that she failed to submit supplemental exhibits with her reply through a proper motion and disclosed settlement negotiations. The Commissioner cites no controlling case law requiring the court to make such a reduction, nor does the Commissioner suggest an amount that it deems reasonable to deter any future errors. As the parties are aware, I have separately cautioned plaintiff's counsel to avoid any future missteps and I am confident the court's words will be heeded.

As a result, plaintiff's attorneys fees for 2013 is $187.46 (1.0 hours in 2013 x $187.46), and attorneys fees for 2014 is $6,945.95 (36.6 hours in 2014 x $189.78). Accordingly, plaintiff is entitled to an award of $7,133.41 ($187.46 + $6,945.95).

5 - ORDER FOR EAJA FEES

## CONCLUSION

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#29), is GRANTED in part and DENIED in part. Plaintiff is awarded $7,133.41 under the EAJA, subject to any offsets allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If there are no such offsets, the check shall be made out to plaintiff's attorney, Sara L. Gabin, and mailed to plaintiff's attorney's office, 14523 Westlake Drive, Lake Oswego, OR 97035-8651.

IT IS SO ORDERED.

DATED this __5__ day of JUNE, 2015.

                                            */s/ Malcolm F. Marsh*
                                            Malcolm F. Marsh
                                            United States District Judge